O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UZMA SHAHID BUTT,<br><br>  Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>  Defendant. | Case No. LA CV 15-5690 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Uzma Shahid Butt ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits. Three issues are presented for decision here:

1. Whether the Administrative Law Judge ("ALJ") properly determined that Plaintiff could perform her past relevant work as a preschool teacher (*see* Joint Stip. at 4-7, 10);

2. Whether the ALJ properly rejected an examining physician's opinion (*see id.* at 4, 11-16, 18-19); and

3. Whether the ALJ properly assessed Plaintiff's credibility (*see id.* at 4, 19-22, 25).

1

The Court addresses Plaintiff's contentions below, and finds that reversal is not warranted.

### A. The ALJ Properly Determined that Plaintiff Could Perform Past Relevant Work

Plaintiff contends that the ALJ erroneously determined at step four of her evaluation, based on a Vocational Expert ("VE")'s testimony, that she could perform her past relevant work as a preschool teacher. Specifically, Plaintiff complains that the residual functional capacity ("RFC") limitation on her ability to perform *any* work "over the shoulder . . . with the right upper extremity" was not included in a hypothetical to the VE. This makes a difference, she alleges, because her "over the shoulder work" limitation would preclude her past relevant work as a preschool teacher in light of the "frequent" reaching requirement of the Dictionary of Occupational Titles ("DOT") description of that job. (*See* Joint Stip. at 4-7, 10; AR at 41 (emphasis added), 44.)

The Court concludes that Plaintiff is not entitled to relief, for three reasons.

#### 1. Step Four Challenge Not Preserved on Appeal

First, as a rule, "when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999).

In the instant case, Plaintiff was represented by counsel at the administrative hearing and on administrative appeal, but did not raise this issue before the ALJ or the Appeals Council. (AR at 76-81, 248-49); s*ee Howard v. Astrue*, 330 F. App'x 128, 130 (9th Cir. 2009) (claimant waived argument that ALJ's hypotheticals were inadequate where claimant's attorney had an opportunity to pose his own hypotheticals but never mentioned the allegedly erroneously omitted limitation); *Carey v. Apfel*, 230 F.3d 131, 146-47 (5th Cir. 2000) (cautioning against allowing claimant to scan record for unexplained conflicts between expert witness testimony and voluminous provisions

of DOT, and then present conflict as reversible error when it was not considered sufficient to merit adversarial testing during administrative hearing).

Accordingly, the issue was not properly preserved for appeal.

### 2. No Conflict Between Job Description and VE's Testimony or Plaintiff's Limitation

Second, even if the issue is not waived, there is no conflict warranting reversal.

As a matter of law, neither the DOT nor the testimony of a VE "automatically 'trumps' when there is a conflict" between the two. *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). Instead, if a conflict appears to exist, the ALJ must obtain a "reasonable explanation" for that conflict. *Id.*; *see also* Soc. Sec. Ruling 00-4p, 2000 WL 1898704, at *4 (Dec. 4, 2000).

Here, although the DOT classifies the preschool teacher job as requiring "frequent" reaching,[1] the DOT is silent as to "over the shoulder" reaching, and thus does not conflict with either either the VE's testimony or the RFC. (AR at 41, 78); *see Cortez v. Colvin*, 2014 WL 1725796, at *10 (C.D. Cal. Apr. 30, 2014) (no actual conflict existed between RFC and DOT because DOT is silent on just how much "reaching" required by claimant's past relevant work must be "overhead"); *Harvey v. Astrue*, 2010 WL 2836817, at *13-14 (N.D. Cal. July 16, 2010) ("Where the DOT does not include information about a particular aspect of a job . . . [the VE's] testimony supplements the DOT, rather than conflict[s] with it.")

Consequently, no inherent conflict exists between the DOT and either the VE's testimony or Plaintiff's limitation.

//

---

[1] The "frequent" reaching requirement is part of a database category for the Guide for Occupational Exploration ("GOE") referenced by the DOT preschool teacher definition, not part of the actual DOT definition. *See* DOT No. 092.227-018, 1991 WL 646897 (referencing GOE 10.02.03); *Mondragon v. Astrue*, 364 F. App'x 346, 349 n.2 (9th Cir. 2010) (noting the distinction between the GOE and DOT). Notably, neither the DOT's preschool teacher definition or the referenced GOE provision mentions "over the shoulder" reaching.

### 3. Any Error in Hypothetical Harmless

Third, even assuming error in failing to include the limitation in the hypothetical to the VE, Plaintiff was not harmed by the error. (AR at 77); *see Gaston v. Comm'r Soc. Sec. Admin*, 577 F. App'x 739, 742 (9th Cir. 2014) (the question whether an ALJ included all limitations in hypothetical is subject to harmless error analysis).

Here, the ALJ could properly rely on the VE's detailed explanation – based on his extensive vocational rehabilitation counseling experience – of the reaching requirements of Plaintiff's past relevant work, including that (1) most employers discourage preschool teachers from lifting children; (2) reaching above the shoulder is "very rare" in the job; and (3) reaching could be performed with either upper extremity, while Plaintiff was limited to only her right upper extremity. (AR at 76-79); *see Wilson v. Colvin*, 2015 WL 4240734, at *4 (N.D. Tex. July 10, 2015) (despite conflict between occasional reaching limitation in RFC and frequent reaching requirement of job, record provided reasonable basis for relying on VE's testimony where VE testified claimant could work as receptionist because overhead reaching is "pretty rare" in workplace); *Kuzak v. Colvin*, 2014 WL 4545917, at *13 (N.D. Ohio Sept. 12, 2014) (despite reaching and extreme temperature exposure limitations in RFC, ALJ properly relied on VE testimony that, based on his research and experience, car-wash attendant position did not require overhead reaching and would only "very rarely" require employee to be outside attendant booth).

Thus, any error in failing to include the limitation in the hypothetical was harmless.

### B. The ALJ Properly Rejected an Examining Physician's Opinion

Next, Plaintiff contends that the ALJ improperly rejected the opinion of examining physician Dr. Vagharshak M. Pilossyan. (*See* Joint Stip. at 4, 11-16, 18-19.)

As a rule, if an ALJ wishes to disregard the opinion of a treating or examining physician, "he or she must make findings setting forth specific, legitimate reasons for

4

doing so that are based on substantial evidence in the record." *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983); *accord Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008).

Here, the ALJ properly rejected Dr. Pilossyan's checklist form opinion that Plaintiff was essentially restricted to less than sedentary work, for three reasons. (AR at 41, 334-35.)

First, Dr. Pilossyan saw Plaintiff on only a single occasion. (AR at 44, 336-38); *see Turner v. Comm'r Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (ALJ properly rejected opinion on basis that doctor had "not had any previous interaction with the claimant" prior to the one examination he based his opinion on); *Aranda v. Comm'r Soc. Sec. Admin.*, 405 F. App'x 139, 141 (9th Cir. 2010) (persuasiveness of physician's opinion must take into account the length of treatment relationship with claimant, frequency of examination, nature and extent of treatment relationship, and opinion's consistency with the record as a whole).

Second, the opinion was inconsistent with the objective medical evidence. (AR at 44); *see Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) ("[I]t was permissible for the ALJ to give [medical opinion] minimal evidentiary weight, in light of the objective medical evidence and the opinions and observations of other doctors."). For example, (1) a magnetic resonance imaging scan of Plaintiff's left foot was entirely normal, (2) an electromyography report of Plaintiff's lower extremities showed only mild sensory peripheral neuropathy and no evidence of radiculopathy, and (3) a consultative examination showed no evidence of any physical limitations. (*Id*. at 41-43, 252-54, 280-82, 293.)

Third, Dr. Pilossyan's opinion conflicted with the State agency physician's opinion that Plaintiff had a far less restrictive RFC. (AR at 44; *compare id*. at 99-101 *with id*. at 334-35); *see Batson*, 359 F.3d at 1197; *Kane v. Colvin*, 2015 WL 5317149, at *3 (E.D. Cal. Sept. 10, 2015) (ALJ properly rejected treating physician's opinion

regarding claimant's standing and walking limitations in part because opinion was contradicted by state agency physicians' less severe limitation findings).

Thus, the ALJ properly rejected Dr. Pilossyan's opinion.

C. Any Error in Assessing Plaintiff's Credibility Was Harmless

Finally, Plaintiff contends that the ALJ improperly assessed her credibility. (*See* Joint Stip. at 4, 19-22, 25.)

As a rule, an ALJ can reject a claimant's subjective complaints by "expressing clear and convincing reasons for doing so." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines a claimant's complaints." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (citation and internal quotation marks omitted).

Preliminarily, the Court agrees with Plaintiff that the ALJ failed to explain how Plaintiff's daily activities translated to the workplace. (Joint Stip. at 21-22; AR at 44); *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (ALJ must make "specific findings related to [the daily] activities and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination"); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

Nonetheless, any such error is harmless in light of the other valid reasons for rejecting the testimony. *See Carmickle*, 533 F.3d at 1162 (when ALJ provides specific reasons for discounting claimant's credibility, decision may be upheld even if certain reasons were invalid as long as "remaining reasoning and ultimate credibility determination" were supported by substantial evidence (emphasis omitted)); *Strutz v. Colvin*, 2015 WL 4727459, at *7 (D. Or. Aug. 10, 2015) (upholding credibility finding because ALJ provided at least one valid reason to discount claimant's testimony).

First, while the ALJ failed to make transferability findings regarding her daily activities, she properly relied on Plaintiff's *inconsistent statements* about her ability to perform those activities. (AR at 44); *see Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th

6

Cir. 2014) (an ALJ may consider a variety of factors in weighing a claimant's believability, including ordinary techniques of credibility evaluation, prior inconsistent statements, and testimony by the claimant that "appears less than candid"); *Cook v. Astrue*, 2012 WL 5379199, at *5 (C.D. Cal. Oct. 31, 2012) (in assessing claimant's credibility, ALJ properly relied on contradiction between statements in function report and statements made to examining psychiatrist). Significantly, Plaintiff (1) indicated on a function report and a fatigue questionnaire that she could not cook anymore, but told psychiatric examiner Dr. Ernest Banger she could still cook ; (2) testified she could not shop, but indicated on her function report and told Dr. Bagner she could shop; and (3) indicated on her function report that she had problems dressing and bathing, but told Dr. Bagner she was able to do both. (*Id*. at 69, 196-98, 228, 258.)

Second, Plaintiff's complaints of depression, difficulty with concentration, and other psychological problems were belied by psychiatric findings that she had only mild limitation in her ability to adapt to work stresses, and no other work-related mental or emotional restriction.[2] (AR at 42, 44, 72, 319-20); *see Haislip v. Astrue*, 316 F. App'x 538, 539 (9th Cir. 2008) (conflicts between claimant's allegations and physician's findings is a clear and convincing reason supporting credibility determination).

Third, Plaintiff's allegations of severe symptoms contradicted the objective medical evidence, discussed above. (AR at 43, 252-54, 280-82, 293); *see Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001) (inconsistencies with objective evidence, when combined with other factors, are valid reasons for rejecting a claimant's testimony).

Thus, the ALJ's assessment of Plaintiff's credibility does not warrant reversal.

//

---

[2] The ALJ also found it "notable" that Plaintiff was not taking any psychiatric medications or receiving any mental health treatment. (AR at 44, 317); *see Burch*, 400 F.3d at 681 (ALJ is permitted to consider lack of medical treatment in assessing credibility).

Case 2:15-cv-05690-JCG   Document 17   Filed 04/27/16   Page 8 of 8   Page ID #:534

Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

DATED: April 27, 2016

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication.  Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*